Jorge Gonzalez (CBN 100799)
A PROFESSIONAL CORPORATION
2485 Huntington Drive, Suite 238
San Marino, California 91108
T – 626-328-3081
C – 213-598-3278
E-mail: jggorgeous@aol.com

Attorney for Plaintiffs

Eugene P. Ramirez (State Bar No. 134865)
Angela M. Powell (State Bar No. 191876)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*epr@manningllp.com;amp@manningllp.com*

Attorneys for Defendants
CITY OF OXNARD, OFFICER DAVID
McALPINE, and OFFICER ROBERT ROLDAN

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA ZABALA, P.S., A Minor, By and Through Her Guardian ad Litem, JESSICA BERGREEN; Both Individually and as successors in Interest of Decedent JUAN MANUEL ZABALA,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OXNARD, a public entity; Oxnard Police Officers DAVID McALPINE, ROBERT ROLDAN, and DOES 1 through 10, inclusive, both individually and in their official capacity as police officers,<br><br>Defendant. | CASE NO. CV 15-06026 PJW<br><br>Judge:     Hon. Patrick J. Walsh<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date: May 22, 2017 |

1                                       Case No. CV 15-06026 PJW

The parties hereto have stipulated and agreed to entry of a Protective Order in this case.  A Protective Order shall be entered in this case, with the following terms, conditions, and requirements:

### PROTECTIVE ORDER

1. Certain information, documents, and other things ("Discovery Material") discovered from a party under the Federal Rules of Civil Procedure or voluntarily produced by a party in this action may include Confidential or private information of the party from which the discovery is sought. Information, documents, and other things, which are otherwise not objectionable, shall only be produced whether voluntarily or in response to formal discovery, subject to this Protective Order ("Order").

2. Any of the parties producing Discovery Material in this litigation may designate Discovery Material produced by it/him/her as "Confidential – Attorney's Eyes Only" under the terms of this Order.  This designation shall be limited to information that the disclosing party in good faith believes contains or reveals private, Confidential, proprietary, or commercially sensitive information that requires the protections provided by this Order.

3. For purposes of this Order, Discovery Material that may be designated "Confidential – Attorney's Eyes Only" include: (1) peace officer personnel files and all records that are typically contained within or associated with such police officer personnel files according to the regular practices of the law enforcement agency which is the custodian of such records – including but not limited to internal affairs investigations and related interviews and reports, peace officer personal financial asset information, peace officer medical records in the custody of the peace officer's law enforcement agency employer, records regarding peace officer discipline, associated law enforcement agency employment/internal investigations and related interviews and reports, interviews and reports related to

personnel complaints by peace officers and/or citizen complaints against peace officers, peace officer training records, and personal information; and documents defined and/or described in California Penal Code sections 832.5, 832.7, and 832.8; and (2) comparable records of the parties that may otherwise be privileged from disclosure but which parties agree to produce pursuant to the terms of the parties' Stipulation and this Protective Order, including a party's medical records, financial records, or other privileged records, documents, or information.

      4.     Each party that designates information or items for protection under the parties' Stipulation and this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only those parts of the material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order.

      5.     Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose, expose the designating party to potential sanctions.

      6.     However, nothing in the parties' Stipulation and this Protective Order shall be construed as to *require* or mandate that any party disclose or produce privileged information or records or other Confidential Documents in this action.

      7.     Discovery Material that is designated "Confidential – Attorney's Eyes Only," and any documents or information derived therefrom, shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including but not limited to the purpose of dissemination to the media or the public, or in connection with any other litigation.

      8.     Discovery Material designated "Confidential – Attorney's Eyes Only" may be disclosed, summarized, described, characterized or otherwise

communicated or made available in whole or in part to the following persons: (a) outside and in-house counsel who represent a party in this litigation, and the regular and temporary employees and service vendors of such counsel assisting in the conduct of the litigator, provided such disclosure may solely be for use in accordance with this Order; (b) clients; (c) potential or active witnesses or deponents and their counsel, during the course of, or, to the extent necessary in preparation for, depositions, testimony or trial in this litigation; (d) experts or consultants, including information technology vendors, and their employees and/or staff members engaged to assist counsel for a party in the litigation; (e) the Court; (f) court reporters employed by the Court or in connection with the litigation; (g) authors or recipients of documents or persons referred to in any document; and (h) any other person only upon order of the Court or upon stipulation of the producing party.

9. Anyone who has agreed to be bound by this agreement and receives "CONFIDENTIAL – ATTORNEY'S EYES ONLY" discovery material shall be bound by the terms of this agreement concerning the use of these discovery materials.

10. The designation of Discovery Material as "Confidential – Attorney's Eyes Only" shall be so designated by affixing the legend of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" to each page containing any "Confidential – Attorney's Eyes Only" Discovery Material. Affixing the legend on the cover of any multipage document which is bound, stapled, or otherwise securely attached shall designate all pages of the document as "Confidential – Attorney's Eyes Only," unless otherwise indicated by the producing party. Only those portions of multipage documents that qualify as "Confidential – Attorney's Eyes Only," should be designated as such.

11. If the Disclosing Party inadvertently produces any Confidential Information without designating it as such, it may be remedied by (1) promptly

notifying the other parties of the error; and (2) providing a substitute copy of the Confidential Information with a proper legend.  In that event, the parties receiving the inadvertently produced undesignated Confidential Information will: (1) return the previously produced Confidential Information and destroy all copies thereof; and (2) if the party had already disseminated the Confidential Information to any person, the party will notify all such persons in writing of the need to return such Confidential Information and not to further disseminate it. The initial failure to designate information in accordance with this Order shall not be deemed a waiver of Confidentiality.

12. In the case of depositions or other pretrial testimony, the designation of Discovery Material as "Confidential – Attorney's Eyes Only" for purposes of this order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate Confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Confidential – Attorney's Eyes Only" Discovery Material.  All deposition transcripts and other pretrial testimony shall be treated as "Confidential – Attorney's Eyes Only" until the expiration of the twentieth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential – Attorney's Eyes Only" in the litigation shall be deemed "Confidential – Attorney's Eyes Only" Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.  No amendment or modification agreed to by the parties will have the force or effect of a Court order unless the Court approves it.  The provisions of this Protective Order do not apply to trial or other hearings.

13. "Confidential – Attorney's Eyes Only" Discovery Material may be provided to persons listed in paragraphs 8 and 9 above, provided that such individuals are using said "Confidential – Attorney's Eyes Only" Discovery Material solely in connection with this litigation and provided further that such individuals sign a nondisclosure agreement in the form of the Assurance of Compliance at Exhibit A attached hereto.

14. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Order, or to submit to the Court any such document or in the information contained therein for any purpose, such document or information shall be filed under seal with a copy of the title page attached to the front of the sealed envelope or container and the label "Confidential – Subject to Protective Order dated [insert date of Order]" clearly marked thereon. Any request to file a document under seal must comply with Local Rule 79-5.

15. If the Court grants a party permission to file an item under seal, that party must comply with Local Rule 79-5.

16. If information subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled.

17. Prior to using "Confidential – Attorney's Eyes Only" Discovery Material in any court proceeding in this action, Counsel must first take up with the judicial officer at the appropriate time how Confidential material will be handled in court filings or during court proceedings.

18. The parties to the litigation agree that the production of any Discovery Material by any non-party to the litigation shall be subject to and governed by the

terms of this Order, and a party may designate as "Confidential – Attorney's Eyes Only" any materials produced by a non-party if such designation is appropriate under this Order.

19. In the event that additional parties join or are joined in the litigation, they shall not have access to "Confidential – Attorney's Eyes Only" Discovery Material until newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

20. The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the parties; however, all material produced and designated as "Confidential – Attorney's Eyes Only" in the manner prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as though entered by the Court.

21. If any third party serves a subpoena or other process or request seeking to review any information designated as "Confidential – Attorney's Eyes Only," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing and shall allow producing party's counsel to object to the subpoena or other process. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential – Attorney's Eyes Only" Discovery Material covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. Nothing herein shall be construed as requiring a party not to comply with any lawfully issued subpoena or process, absent a court order.

22. Nothing in this Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of "Confidential – Attorney's Eyes Only" Discovery Material except in accordance with the terms of this Order.

23. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the Confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

24. This Stipulation and Protective Order shall not be construed as a stipulation by any party that any privilege asserted by any party regarding Confidential Documents, whether produced or disclosed or not, is applicable or valid as to such documents; however, all parties, by and through their undersigned counsel, agree to abide by the terms of this Stipulation and Protective Order and to maintain such documents' confidentiality pursuant to the terms of this Stipulation and Protective Order.

25. Any party may challenge a designation of confidentiality at any time prior to the final Pre-Trial Conference with the Court in the matter. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

26. This Order shall survive the final termination of this action, to the extent that the information contained in "Confidential – Attorney's Eyes Only" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received "Confidential – Attorney's Eyes Only" Discovery Material shall dispose of all such material either by (i) returning

such material to counsel for the producing party, or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or received by any person.  Upon request, the parties and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed.  Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "Confidential – Attorney's Eyes Only" Discovery Material, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party.  The "Confidential – Attorney's Eyes Only" Discovery Material kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order.  Unless otherwise agreed, outside counsel for each party may retain archival copies of all "Confidential – Attorney's Eyes Only" Discovery Material marked as an exhibit during a deposition, used at a hearing or at trial, or filed with the Court, and this Order shall remain in force with respect to such material.

27. This Agreement shall be binding upon and for the benefit of the undersigned parties, their successors and assigns to the full extent the law allows.

28. This Order is not binding on the Court or Court personnel.  The Court may amend or modify this Order in the interests of justice or for public policy reasons at any time.

29. <u>The following categories of documents shall not be disclosed through the Press, or mass or social media prior to the completion of the trial but they will not be subject to any other protections under this order.  This material is NOT considered "Confidential – Attorney's Eyes Only.</u>  If these documents or electronic information are attached to a summary judgment motion or responsive document

1 this shall not give counsel (or any person identified in section 8 above, who has
2 access to the documents or electronic information) the right to release these
3 documents or electronic information to the general public or the media, before trial
4 or other final resolution of this matter.
5       The Defendants contend that some documents are of a nature that if they
6 were disseminated or otherwise made available to the public before the trial in this
7 matter, they may potentially prejudice a jury pool.  The Plaintiffs do not agree.  No
8 party shall seek to publish any of the documents listed below to the Press, or mass
9 or social media before the conclusion of the trial or other final resolution in this
10 matter.  These documents include:
11     1.  Photographs depicting the scene of the incident or Decedent's body;
12     2.  Audio or video recordings of statements of witnesses and officers;
13     3.  Audio or video recordings of the incident or SWAT operations;
14     4.  Training materials and training records of individual employees;
15     5.  Personal identifying information in documents.
16     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

18 DATED:  October 27, 2016    JORGE GONZALEZ, ESQ.
                                                 A PROFESSIONAL CORPORATION

21                                            By:     */s/ Jorge Gonzalez*
22                                                  Jorge Gonzalez, Esq.
23                                                  One of the Attorneys for Plaintiffs,
                                                 AURORA ZABALA and P.S. (A Minor
24                                                  by and through her Guardian ad Litem
                                               JESSICA BERGREEN)

DATED:  October 27, 2016        EUGENE P. RAMIREZ
                                ANGELA M. POWELL
                                MANNING & KASS, ELLROD, RAMIREZ,
                                TRESTER, LLP


                        By:     */s/ Angela M. Powell*
                                EUGENE P. RAMIREZ
                                ANGELA M. POWELL
                                Attorneys for Defendants, CITY OF
                                OXNARD, and DAVID McALPINE,
                                ROBERT ROLDAN, individuals

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: October 31, 2016         _____
                                Hon. Judge Patrick J. Walsh
                                U.S. Magistrate Judge